Dear Mr. Manning:
You have requested an Attorney General's opinion concerning whether a private entity seeking to renovate a building is exempted from the licensing requirements under LSA-R.S. 37:2150
et seq. Those provisions mandate anyone engaged in the business of contracting to acquire licensure before conducting such business.
The company at issue is seeking to renovate a building that will be used as a warehouse, packaging and distribution center. As you state in your request, the building is owned by the company, will be used only by the company and its employees, and is not intended to be sold or rented.
LSA-R.S. 37:2157(A)(2) exempts the following from LSA-R.S.37:2150 et seq:
 Owners of property who supervise, superintend, oversee, direct, or in any manner assume charge of the construction, alteration, repair, improvement, movement, demolition, putting up, tearing down, or maintenance of any building, railroad excavation, project, development, improvement, plan facility, or any other construction undertaking, on such property, for use by such owner and which will not be for sale, rent, public use, or public assembly.
You have already stated that the building at issue will not be for sale or rent. We must therefore determine whether the building will be for "public use" or "public assembly" within the meaning of LSA-R.S. 37:2157(A)(2).
As you properly cite, Attorney General Opinion Number 74-1516 states that the phrase "public use or assembly" means any structure which, when built, will allow free access to members of the general public to enter therein for whatever purpose the building was constructed. However, as clarified in Attorney General Opinion Number 71-897:
 [S]ome privately owned business enterprises could also be regarded as a place of public assembly. Blacks Law Dictionary defines a business of public character as one which expressly or impliedly holds itself out as supplying its product or service to the public as a class or to a limited portion of the public. It is the opinion of this office that any place of business holding itself out as `open to the public' or open to a certain portion of the public would be classified as a place of public assembly.
The edifice you indicate does not appear to either expressly or impliedly hold itself out to be open to the public. In fact, you state that the company at issue "will control access to the renovated buildings, allowing access only to employees and specific designees." This quality, in our opinion, removes it from the scope of a place of "public use" or "public assembly."
Therefore, based on the information you provide, it is the opinion of this office that the owners renovating the building at issue should be exempt from LSA-R.S. 37:2150 et seq., pursuant to LSA-R.S. 37:2157(A)(2).
I trust this addresses your concerns. Please contact this office should you require further assistance.
Yours very truly,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 BY: CARLOS M. FINALET, III
ASSISTANT ATTORNEY GENERAL
RPI:CMF/mjb